WHITCOMB *versus* SMART *& als.*

A loan made to some individual members of an Odd Fellows' Lodge, for which a note was given to their Secretary, by name, may be recovered by a suit upon the note in the name of the payee, when he is authorized to commence it by the members of the Lodge.

ON FACTS AGREED.

This suit is upon a promissory note signed by defendants and payable to plaintiff, "P. S. of Adelphian Lodge No. 42," for money borrowed of the Lodge.

The plaintiff and defendants were all members of an order called "Odd Fellows," and at the time the note was made the plaintiff was "permanent Secretary" of the Lodge, but had ceased to hold that office when the suit was commenced. The action was brought by the authority and direction of the association, and plaintiff had no interest in it except as a member.

If the action is maintainable a default is to be entered; otherwise plaintiff to become nonsuit.

*Dickerson*, for plaintiff, that the action was rightfully brought, cited *Buffum* v. *Chadwick*, 8 Mass. 108; *Clapp* v. *Day*, 2 Maine, 305; and that it was not necessary, that plaintiff should have an interest in the note to authorize an action in his name, but if brought by the owner by consent of the party of record it was sufficient, cited *Bragg* v. *Greenleaf*, 14 Maine, 395; *Bradford & al.* v. *Buckmore*, 12 Maine, 15.

*Palmer*, for defendants.

There is no pretence that the "Lodge" is a corporation. If they are a partnership, the plaintiff is a member with defendants and others, and in that view the action is not maintainable. Gow on Part. 132; 2 Fairf. 196.

As an association of persons, they are not in law capable of any associate or common interest in this suit, apart from the *record plaintiff and the defendants.*

Defendants are tenants in common with plaintiff in the property of the claim, and will be so in any judgment that

could be recovered. And if defendants should pay to plaintiff the amount, a suit for money had and received would lie in their behalf to recover back a portion of the money so paid. He would be their trustee for their share of the money.

The only remedy where members are indebted to an association of which they constitute a part, is in equity, by which the whole matter may be liquidated.

If defendants took possession of the note, the other associates would have no right of action for so doing. 9 Shepl. 347; 24 Maine, 222; 9 Cowen, 230.

Both the nominal and real plaintiffs and defendants are joint owners of the note, and there can be no legal parties to the suit. The cases cited on the other side do not touch the point raised here.

*Dickerson* replied, and cited *Harper* v. *Osgood,* 2 Hill, 217; *Potter* v. *Yale College,* 8 Conn. 52: *Fisher* v. *Ellis,* 3 Pick. 322; *Fairfield* v. *Adams,* 16 Pick. 381; *Commercial Bank* v. *French,* 21 Pick. 486; *Bailey* v. *Onondagua Co.* 6 Hill, 476.

APPLETON, J. — The defendants borrowed one hundred dollars of the funds of a voluntary association of Odd Fellows, of which they as well as the plaintiff were members, and gave therefor a memorandum of the following tenor : —

"Searsport, Oct. 14, 1847.

"$100. For value received, we promise to pay Ebenezer Whitcomb, P. S. of Adelphian Lodge No. 42, one hundred dollars in fifty-seven days from date, unless sooner called for.          "Albert Smart,

"Reuben S. Smart,

"James Field, jr."

The plaintiff has ceased to be Permanent Secretary, but the suit is brought in his name, with his consent, and by the authority of the association interested in the funds sought to be recovered.

The words "Permanent Secretary of Adelphian Lodge

No. 42," may be considered as merely descriptive of the person, and constitute no objection to the maintenance of the suit in the name of the present plaintiff. *Buffum* v. *Chadwick*, 8 Mass. 103; *Clapp* v. *Day*, 2 Greenl. 305.

It is not material, that the plaintiff has ceased to be Permanent Secretary. It is not necessary that a party should have an interest in the demand, if the suit is commenced in his name, with his consent, and by the authority of those interested. *Bradford* v. *Bucknam*, 3 Fairf. 15; *Bragg* v. *Greenleaf*, 14 Maine, 395. Where a bill of exchange was indorsed to S. S. F., Cashier, it was held that he might maintain an action upon the bill in his own name, notwithstanding he might be obliged to account for the proceeds to the bank of which he was cashier. *Fairfield* v. *Adams*, 16 Pick. 381.

It is insisted, as the plaintiff and defendants are both members of the association, that no suit can be maintained by one member against another to recover funds, in which, when paid, they will have a common interest, and that the only remedy for those interested, is by bill in equity. Such is undoubtedly the case where one of the parties on record is both co-plaintiff and co-defendant. The rule, however, does not apply to a case like the present.

It has been settled by a series of cases, that joint stock companies may, as between themselves, agree on a particular person or on several persons as the party in whose name or names actions may be brought. *Cross* v. *Jackson*, 5 Hill, 479. Though they may *inter sese* be partners, yet they may agree that some one as trustee may in his own name enforce any contract made with him for the common benefit. *Townsend* v. *Gowey*, 19 Wend. 427. "We think," remarks BEST, C. J., in *Radenhurst* v. *Bates*, 3 Bing. 57, "that the members of a firm cannot by agreement give an authority to any one of them to bring an action in his name against persons not members of the firm; but when several parties create by agreement penalties to be paid by one to the others, we see no objection to their empowering one to sue for the

others. Such an agreement is in effect an undertaking not to object on account of all, who ought otherwise to have been joined in the action, not being joined." So it was held in *Phelps* v. *Lyle,* 10 Ad. & Ell. 113, that "the company may authorize certain persons to act for them or to sue alone upon contracts expressly entered into with them." And this too, when the parties thus contracting were members of the company. The same principles are involved in the decision of *Clapp* v. *Day,* 2 Greenl. 305.

The contract in this case was made by the defendants with a member of the joint association, and for a valuable consideration. The association have approved the loan and sanctioned the contract as made with the plaintiff, and have authorized this suit to enforce its performance. All that remains for the defendants, is to perform the contract into which they have entered. When that shall have been done, ample remedies exist for the protection of their interest in the common fund. No defence whatever is made, and a default must be entered.          *Defendant defaulted.*

SHEPLEY, C. J., and TENNEY, HOWARD and HATHAWAY, J. J., concurred.